IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                       24-CR-6033 DGL

FIVE STAR WAREHOUSE, LLC.,

            Defendant.

---

## PLEA AGREEMENT

The defendant, FIVE STAR WAREHOUSE, LLC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 1349 (Conspiracy to Commit Mail Fraud), for which the maximum possible sentence is a fine of either $500,000 or not more than the greater of twice the gross gain or twice the gross loss caused by the offense pursuant to 18 U.S.C. §§ 3571(c)(3) and (d); a mandatory $400 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(B); and a term of probation of 1 to 5 years pursuant to 18 U.S.C. § 3561(c)(1). The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant represents that it is a legal entity organized under the laws of the State of Florida. The defendant further represents that it has been authorized to enter into

this plea agreement by its sole owner, Sefa Dururvurur, who has full authority to act on behalf of the defendant in entering this plea agreement.

## II. ELEMENTS AND FACTUAL BASIS

3.  The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> a. Two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit mail fraud; and
>
> b. The defendant knew the unlawful purpose of the plan and willfully joined it.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

Background

> a. The defendant, Five Star Warehouse, LLC ("Five Star Warehouse"), was owned by Sefa Dururvurur and located in Lauderdale Lakes, Florida. Sefa Dururvurur also owned Wholesale Chem Supplies LLC in Lauderdale Lakes, Florida.
>
> b. Co-conspirator B.L. owned Safety Supply Center LLC ("Safety Supply") in Boca Raton, Florida, and controlled Union Gloves LLC ("Union Gloves") in Fort Lauderdale, Florida.

Conspiracy and Scheme to Defraud

> c. Between in or about May 2021 and July 2022, the defendant and its co-conspirators used Safety Supply and Union Gloves to defraud and attempt to defraud thousands of large companies throughout the United States (the "Victim Companies") by tricking and attempting to trick the Victim Companies into paying what appeared to the Victim Companies to be legitimate invoices for personal protection equipment ("PPE") products that the Victim Companies had previously ordered and received from Safety Supply or Union Gloves.

2

    d.    To execute the scheme, fraudulent invoices were mailed from Florida in the names of Safety Supply and Union Gloves to several thousands of Victim Companies throughout the United States. Of the several thousands of Victim Companies who were mailed a fraudulent invoice, at least 1,338 of such Victim Companies were tricked into believing that they had received a legitimate invoice for PPE products that they had previously ordered and received from Safety Supply or Union Gloves. The Victim Companies that were tricked into believing that they had received a legitimate invoice then mailed checks or made electronic payments to Safety Supply or Union Gloves in Florida to pay the amounts owing on the fraudulent invoices. The total amount that these Victim Companies paid Safety Supply and Union Gloves was approximately $2,197,301.75.

    e.    After receiving payment from the 1,338 the Victim Companies, in an attempt to cover up the fraud, the defendant and its coconspirators shipped to the Victim Companies inexpensive and substandard PPE products consisting primarily of cheap cleaning supplies and safety equipment which were worth substantially less than what the Victim Companies had been charged.

    f.    Although the defendant and its co-conspirators attempted to cover up their fraud by having cheap PPE products delivered to the Victim Companies, they made it impossible for the Victim Companies to connect and link the cheap PPE products that they received to the prior payment they had previously been tricked into making to Safety Supply and Union Gloves by the fraudulent invoices. For example, the defendant and its co-conspirators did, among other things, the following:

        (i)    The products were not delivered to the Victim Companies until several weeks or months after the Victim Companies had been tricked into paying the fraudulent invoices. For example, one of the Victim Companies made its payment to Safety Supply on or about July 24, 2021, while not receiving the cheap PPE product until on or about January 13, 2022.

        (ii)    The products when delivered did not include a copy of the document appearing to be a legitimate invoice nor any other shipping document that would have connected the products to the fraudulent invoices which the Victim Companies had paid, as is normal business practice.

        (iii)    The products when delivered did not include any information identifying that the products had been purchased from Safety Supply or Union Gloves.

        (iv)    The products when delivered contained fraudulent return address information on the shipping labels that contained (a) a fictitious person's name, Xi Chin, (b) a different business name, that is, the defendant's name, and (c) made-up phone numbers

      that just happened to belong to a teenage girl in Florida and a woman in the Rochester, New York area.

 g. Between on or about May 2021, and October 26, 2021, 14 of the Victim Companies which were located in the Western District of New York received from Safety Supply and Union Gloves in Florida by United States Postal Service fraudulent invoices which caused those Victim Companies to mail checks in the amounts set forth on the fraudulent invoices from the Western District of New York to Safety Supply and Union Gloves in Florida.

### III.   SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6. The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guidelines Manual which pertains to the Sentencing of Organizations.

### IV.   DETERMINATION OF FINE

7. The government and the defendant agree that any fine will be determined pursuant to Guidelines § 8C1.1, which involves criminal purpose organizations.

8. The government and the defendant agree that pursuant Guidelines §8C2.2(a) and 18 U.S.C. § 3572(b) a fine should not be imposed because any fine would impair the ability of the defendant to pay restitution.

### V.   DETERMINATION OF PROBATION

9. The government and the defendant agree that pursuant to Guidelines § 8D1.2(a)(1) and 18 U.S.C. § 3561(c)(1) the guideline probation range is 1 to 5 years.

## VI.  RESTITUTION AND FINANCIAL PENALTY PROVISIONS

10. The defendant understands, and the parties agree, that the Court must require restitution in the amount of $2,197,301.75 to be paid to the 1,338 Victim Companies as part of the sentence pursuant to Sentencing Guidelines § 8B1.1(a)(1) and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

11. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant's owner agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

12. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

13. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VII. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement against the defendant's owner, Sefa Duruvurur, shall be automatically reinstated upon motion of the government and further agrees that Sefa Duruvurur will not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## VIII.   GOVERNMENT RIGHTS AND OBLIGATIONS

15.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, and the circumstances surrounding the charge;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

d.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

16.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

17.   The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States.  The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

7

18. At sentencing, the government will move to dismiss the Indictment pending against Sefa Dururvurur under 23-CR-6175(DEG). *DGL* *MKL* 2/29/2024 *RAR*

## IX. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which includes a term of probation of 1 to 5 years and an order of restitution of $2,197,301.75 or less, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which includes a term of probation of 1 year and an order of restitution of $2,197,301.75 or more, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## X. SUBSTANTIAL ASSISTANCE

22. Pursuant to Guideline §8C4.1, upon motion of the government stating that the defendant provided substantial assistance in the investigation or prosecution of another organization that has committed an office, or in the investigation or prosecution of an individual not directly affiliated with the defendant who has committed an offense, the Court may depart from the guidelines.

## XI. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, FIVE STAR WAREHOUSE, LLC., and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: /s/ RICHARD A. RESNICK
RICHARD A. RESNICK
Assistant United States Attorney

Dated: February 29, 2024

The defendant, FIVE STAR WAREHOUSE, LLC., by its attorney, Matthew R. Lembke, Esq., and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **Exhibit A**, hereby agrees to all the terms of this plea agreement. Furthermore, the defendant, FIVE STAR WAREHOUSE, LLC., acknowledges that all the

terms of this plea agreement, which consists of 10 pages, have been explained to the Board of Directors. The defendant has had a full opportunity to discuss this agreement with its attorney, Matthew R. Lembke, Esq. The defendant states that this plea agreement represents the total agreement reached between itself and the government. The defendant agrees that no promises or representations have been made to the defendant or any representative of the defendant other than what is contained in this plea agreement. The defendant fully agrees with the contents of this plea agreement. The defendant is signing this plea agreement voluntarily.

_____
FIVE STAR WAREHOUSE, LLC.
BY: Sefa Dururvurur
Defendant

Dated: February 28, 2024

_____
MATTHEW R. LEMBKE, ESQ.
Attorney for Defendant Corporation

Dated: February 29, 2024

<u>RESOLUTION OF SOLE MEMBER OF<br>FIVE STAR WAREHOUSE, LLC</u>

IT IS HEREBY RESOLVED that Matthew R. Lembke, of Cerulli, Massare & Lembke, 45 Exchange Blvd., Suite 925, Rochester NY 14614, is hereby authorized to enter a guilty plea on behalf of the defendant, Five Star Warehouse, LLC, in the United States District Court for the Western District of New York in the case of United States of America v. Five Star Warehouse, LLC, and that Matthew R. Lembke, attorney, is further authorized to execute a plea agreement, waiver of indictment, and any other documents necessary to effectuate the entry of a plea of guilty on behalf of Five Star Warehouse, LLC as contemplated herein.

IT IS FURTHER ACKNOWLEDGED, that in support of this resolution and the authorization herein, the undersigned, as the sole member, principal, and sole representative of Five Star Warehouse, LLC has consulted with Matthew R. Lembke, who is counsel for the corporation, and fully understands all rights of the defendant LLC with respect to the pending criminal investigation, related indictments, proposed criminal information, and proposed plea agreement, copies of each of which have been provide to and reviewed by the undersigned.

Further, the I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in this case. I have read this plea agreement and carefully reviewed every part of it with counsel for the defendant LLC. I understand this agreement and voluntarily accept it on behalf of the defendant LLC.

Dated: February __26__, 2024



Sefa Dururvurur
Sole Member of Five Star Warehouse LLC

# EXHIBIT A